GEORGE W. SCHULTZ, PUBLISHER, PETITIONER-APPELLANT, v. BOARD OF EDUCATION OF THE BOROUGH OF WANAQUE, PASSAIC COUNTY, NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 10, 1969—Decided March 20, 1969.

Before Judges CONFORD, KILKENNY and LEONARD.

*Messrs. Young & Sears,* attorneys for appellant (*Mr. Harry L. Sears,* on the brief).

*Messrs. Grabow, Verp & Rosenfelt,* attorneys for respondent Board of Education of the Borough of Wanaque (*Mr. Robert Chimileski,* on the brief).

*Mr. Arthur J. Sills,* Attorney General, attorney for State Board of Education (*Mr. Robert H. Greenwood,* Deputy Attorney General, of counsel).

PER CURIAM. The critical issue here presented is whether petitioner's newspaper, *The Wanaque Bulletin* (*Bulletin*), is, within the meaning of *N. J. S.* 18*A* :22–11, published in the Borough of Wanaque.

In the latter part of 1966 petitioner applied to respondent board of education of Wanaque (hereinafter local board) to have the *Bulletin* exclusively used in the publication of notices of the local board. Particularly, he sought publication of the notice of the public hearing to be held on the school

budget and of the statement annexed to the budget for the years 1966-67 and 1967-68. He asserted that since the *Bulletin* was the only newspaper published in Wanaque, *N. J. S. A.* 18:7-77.1 (now *N. J. S.* 18A:22-11) prohibited the local board from publishing these notices in any other newspaper. His application was denied and the local board ordered the requisite notices to be placed in the *Paterson Evening News,* a newspaper admittedly not published in Wanaque.

Petitioner appealed to the Commissioner of Education and, upon the latter's affirmance of the decision of the local board, he appealed to the State Board of Education. The latter, in affirming the Commissioner, determined that the *Bulletin* was not published in Wanaque. We disagree.

*N. J. S.* 18A:22-11 provides as follows:

"The board of education shall cause notice of such public hearing and the statement annexed to the budget to be published at least once in at least one newspaper published in the district and if no newspaper be published therein, then in at least one newspaper circulating in said district not less than seven days prior to the date fixed for such public hearing."

The local board concedes that if it be determined that the *Bulletin* is published in Wanaque, then the cited statute mandates publication therein of the pertinent items.

██ The "place of publication of a newspaper is where the paper is first put into circulation, where it is first issued to be delivered or sent, by mail or otherwise, to its subscribers." *Montesano v. Liberty Warehouse Co.,* 121 *N. J. L.* 124, 125 (*E. & A.* 1938). See also *Wildwood, etc., Pub. Co. v. Wildwood,* 35 *N. J. Super.* 543, 547 (*Law Div.* 1955). A newspaper may be considered published in a place where it is not printed. *Montesano, supra,* 121 *N. J. L.,* at *p.* 125.

It is not disputed that a second-class mailing permit has been accorded to the *Bulletin* by the Wanaque postoffice since 1950. The paid circulation of the newspaper varies from 450 to 720 issues. Of this amount, 325 are mailed through the Wanaque postoffice. The balance are sold through three newsstands and carriers within the borough.

■ Although the paper is printed in Butler and River-dale, the *Bulletin* maintains an office (a counter and a desk) in a store in Wanaque. This office is listed on the masthead of the paper as the publication office. The office is open between 9 A. M. and 5 P. M. on weekdays and someone is there during these times for the transaction of business. Mail is received, news items are left, advertising space is ordered and paid for, and bills are paid at that office. Further, some news articles are prepared for printing in the newspaper on these premises.

Under all the circumstances here present we find that the *Bulletin* is "first put into circulation" in Wanaque. Consequently, we conclude that it is, within the meaning of *N. J. S.* 18A:22–11, published in that borough. Therefore, the local board must cause the notice of public hearings of its budget and the statement annexed thereto to be published in the *Bulletin*.

Reversed and remanded to the State Board of Education for the entry of an order in conformity herewith.